IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00118-MR

| COBEY LAKEMPER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| RONNIE L. HUNEYCUTT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis.[1] [Doc. 4].

I.   **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution where he is still incarcerated. [Doc. 1]. He named as Defendants: Ronnie L. Huneycutt, the Alexander CI warden; Amy L. Jenkins, the assistant superintendent of programs; Joseph A. Huffman, a programs supervisor; Heather Walker, a correctional officer; and Jennifer Bruce and Jennifer

---

[1] The Court has now received the full filing fee. [See June 25, 2024 Docket Entry].

Jepson, mailroom attendants.² He asserts claims for violations of his First and Fourteenth Amendment rights. [Id. at 3, 9-13]. He alleges that Defendants Walker, Bruce, and Jepson rejected 10 pieces of incoming legal mail, which particularly included legal mail sent to the Plaintiff by a court, pursuant to an inherently flawed "verification" practice, and that this was done without notice or an opportunity to appeal [id. at 6-14]; and that Defendant Huffman terminated the Plaintiff from a favorable library clerk job at the direction of Defendants Huneycutt and Jenkins in retaliation for Plaintiff's lawsuits against Alexander CI staff [id. at 14-15].

As injury, the Plaintiff claims that he is suffering ongoing injury from the Defendants' actions, i.e., that he is being deprived of his mail without due process, that his present job is less favorable than his old job and results in far less time outside of his cell, and that his mental health has deteriorated. [Id. at 14, 16, 19]. He seeks a declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, costs, and any other relief the Court deems just and appropriate. [Id. at 19].

---

² The Plaintiff names Defendants Huneycutt, Jenkins, and Huffman in their individual capacities, and the remaining Defendants in their individual and official capacities.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, the Plaintiff

brings multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court cannot and will not blindly select which related set of facts and Defendants that the Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.). At this stage, the Court similarly declines to parse through the Plaintiff's allegations and address other deficiencies in the Plaintiff's Complaint. The Complaint will, therefore, be dismissed without prejudice.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff

---

[3] The dismissal is without prejudice to amend in the instant case and/or to raise unrelated claims in a separate civil action. The Court makes no determinations about the potential merit or procedural viability of such action(s).

5

fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: August 1, 2024

Martin Reidinger
Chief United States District Judge