IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00118-MR

| | |
|---|---|
| COBEY LAKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONNIE HUNEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Alter or Amend Order" [Doc. 9].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. On August 1, 2024, the Court dismissed the Complaint on initial review because *inter alia* it appeared that the Plaintiff was attempting to assert unrelated claims against unrelated Defendants, and it provided the Plaintiff the opportunity to file a superseding Amended Complaint. [Doc. 7]. On August 2, 2024, a "Notice of Retalitary [sic] Transfer" dated July 26, 2024, was docketed in which the Plaintiff alleges

---

[1] The Plaintiff was transferred to the Tabor Correctional Institution on July 12, 2024. [See Doc. 8].

that the Defendants transferred him to the Tabor CI, a more restrictive prison, in retaliation for filing the instant lawsuit and to frustrate his litigation efforts. [Doc. 8]. On August 14, 2024,[2] the Plaintiff filed the instant Motion to Alter or Amend in which he asks the Court to reconsider the August 1st Order, and to allow the Complaint to proceed. [Doc. 9]. The Plaintiff has not filed an Amended Complaint.

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."[3] Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); Fed. R. Civ. P. 54(b); see McDaniel v. Green Dot Corp., No. 22-1541, 2022 WL 17103701, at *1 (4th Cir. Nov. 22, 2022) ("a motion to proceed in forma pauperis is an appealable [interlocutory] order") (quoting Roberts v. U.S. Dist. Ct., 339 U.S. 844, 845 (1950) (*per curiam*)). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. Am. Canoe, 326 F.3d at 514. A court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: "(1) a

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[3] In seeking reconsideration, the Plaintiff cites Rule 59(e); however, that rule applies only to final judgments.

2

subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) a clear error causing manifest injustice." U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (quoting Carlson v. Boston Sci. Corp., 856 F.3d 320 (4th Cir. 2017)). The decision to grant or deny a motion to reconsider is committed to the discretion of the district court. Am. Canoe, 326 F.3d at 515.

Here, the Plaintiff argues that his Complaint should not have been dismissed on initial review because his claims about legal mail rejections and the retaliatory termination from his prison job are "interwoven and related." [Doc. 9 at 2]. The Plaintiff has failed to demonstrate the existence of new evidence, a change of applicable law, or a clear error causing manifest injustice that would warrant reconsideration of the August 1st Order. Therefore, the Motion to Alter or Amend is denied. To the extent that the Plaintiff is attempting to amend on a piecemeal basis by alleging new facts in his Motion to Alter or Amend, this will not be allowed. Moreover, to the extent that the Plaintiff intended for his "Notice" to serve as a motion to supplement to the Complaint, this is denied as moot because the Plaintiff has been granted leave to amend.[4]

---

[4] The Plaintiff is reminded that he must seek relief from the Court by filing a "Motion." [See May 10, 2024 Order of Instructions]. Letters and other miscellaneous filings will not receive a response from the Court and may be stricken.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Alter or Amend Order" [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will allow the Plaintiff an additional **thirty (30) days** in which to file a superseding Amended Complaint, if he so chooses, to properly state a claim upon which relief can be granted. [See Doc. 7]. The Amended Complaint, including attachments, must not exceed 25 pages unless the Plaintiff obtains prior authorization from the Court. Piecemeal filing and incorporation by reference will not be allowed. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

**IT IS SO ORDERED.**

Signed: September 23, 2024

Martin Reidinger
Chief United States District Judge