IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00118-MR-WCM

| | | |
|---|---|---|
| COBEY LAKEMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RONNIE HUNEYCUTT, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Response to Order to Show Cause and Motion for Extension of Time to Serve Defendant Jennifer Bruce [Doc. 30], the Magistrate Judge's Memorandum and Recommendation [Doc. 31], and the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 32].

**I. PROCEDURAL BACKGROUND**

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1]  On March 10, 2025, the Amended Complaint passed initial review including against Defendant Jennifer Bruce, and the Court directed

---
[1] The Plaintiff's present address of record is at the Nash Correctional Institution.

the Clerk to commence the procedure for waiver of service by the North Carolina Department of Adult Corrections ("NCDAC"). [Docs. 11, 13]. The NCDAC was unable to procure a waiver of service for Defendant Bruce, who is no longer employed by NCDAC, and provided her last known address under seal. [Doc. 19]. The Court instructed the U.S. Marshal to use all reasonable efforts to locate and obtain service on Defendant Bruce. [Doc. 20].

A Deputy U.S. Marshal in another district twice attempted service on Defendant Bruce at the address provided by NCDAC, but the Defendant could not be located there, and a neighbor reported that Bruce no longer lived there. [Doc. 23]. The unexecuted service return identified another possible address for Bruce. [Id.].

The Clerk was directed to reissue a summons for Defendant Bruce at the address identified in the unexecuted service return, and directed the U.S. Marshal to use reasonable efforts to locate and obtain service on Bruce. [Doc. 24]. A second unexecuted service return shows that the alternate address was vacant, and an examination of old mail that had been left there was not addressed to Bruce. [Doc. 27 at 3-4].

On September 3, 2025, the Plaintiff was ordered to show cause, within 14 days, why Defendant Bruce should not be dismissed from this action for lack of service pursuant to Fed. R. Civ. P. 4(m). [Doc. 28].

In response to the Order, the Plaintiff filed the instant Response and Motion, opposing Defendant Bruce's dismissal and seeking a 30-day extension of the service deadline. [Doc. 30].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Plaintiff's Response and Motion. [Id.]. On October 22, 2025, the Magistrate Juge filed a Memorandum and Recommendation recommending that the Plaintiff's Motion seeking additional time in which to serve Defendant Bruce be denied, and that Defendant Bruce be dismissed from this action without prejudice pursuant to Rule 4(m). [Doc. 31]. Specifically, the Magistrate Judge found that the Plaintiff had failed to demonstrate good cause for failing to serve Defendant Bruce, and that an extension of the service deadline was not warranted.

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within 14 days

of service. The Plaintiff timely filed objections on November 2, 2025.[2] [Doc. 32]. This matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a de novo or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

## III. DISCUSSION

The Plaintiff objects to the Memorandum and Recommendation, arguing that the Deputy U.S. Marshal failed to use all reasonable efforts to serve Defendant Bruce. [Doc. 32]. He asks the Court to extend the service deadline and to require the Marshals Service to use further efforts to locate and serve her by "establishing contact via social media" and consulting with the other Defendants. [Id. at 2].

The Court agrees with the Magistrate Judge's conclusions that the Plaintiff has failed to establish good cause for failing to serve Defendant Bruce, and that an extension of the service deadline is not warranted. The record establishes that the U.S. Marshals Service used reasonable and diligent investigative efforts by making repeated service attempts at two locations, asking neighbors about Bruce's location, and examining old mail at the second service address. This constitutes "reasonable effort" to locate and serve Defendant Bruce. See Shirley v. Staubs, 812 F. App'x 162, 162-63 (4th Cir. 2020) (citing Fed. R. Civ. P. 4(c)); Odom v. Ozmint, 517 F.Supp.2d 764, 768 (D.S.C. 2007) (the U.S. Marshals Service is required to "expend a reasonable investigative effort to locate a [d]efendant once he is properly identified"). The Plaintiff's suggestion that the Marshals Service should be required to perform specific additional investigation is rejected.

5

Thus, after careful consideration of the Plaintiff's Response and Motion, the Magistrate Judge's Memorandum and Recommendation, and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conditions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that an extension of time should be denied and that Defendant Bruce should be dismissed from this action without prejudice.

## IV. CONCLUSION

For the forgoing reasons, the Plaintiff's Objections to the Memorandum and Recommendation are overruled, the Memorandum and Recommendation is accepted, the request for an extension of time is denied, and the action is dismissed without prejudice as to Defendant Jennifer Bruce.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Objections to the Memorandum and Recommendation [Doc. 32] are **OVERRULED**.

2. The Memorandum and Recommendation [Doc. 31] is **ACCEPTED**.

3. The Plaintiff's Motion for Extension of Time [Doc. 30] is **DENIED**.

4. The action is **DISMISSED WITHOUT PREJUDICE** as to Defendant Jennifer Bruce.

**IT IS SO ORDERED**.

Signed: December 31, 2025

Martin Reidinger
Chief United States District Judge

7

Case 5:24-cv-00118-MR-WCM   Document 33   Filed 01/02/26   Page 7 of 7